UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KB GEAR INTERACTIVE, INC.

Plaintiff,

v.

GUNG-HO COMPANY,

Defendant.

CIVIL NO. 00-1392 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on August 14, 2000 upon Defendant's Motion to Dismiss or Transfer. [Docket No. 5]. Jay M. Quam, Esq. appeared on behalf of Plaintiff; John L. Krenn, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by Judge David S. Doty for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss or Transfer [Docket No. 5] be granted, and that the Complaint be transferred to the United States District Court for the Northern District of California.

**FINDINGS OF FACT/REPORT**

Plaintiff brought this case in Minnesota District Court, alleging claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, violation of the Minnesota Deceptive Trade Practices Act, and violation of the Lanham Act. Defendant successfully removed the case to this Court and filed this Motion to Dismiss or Transfer. Defendant bases its Motion on a forum selection clause contained in the contract at issue.

FILED AUG 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

## I. FACTS

Plaintiff entered into a contract (the "Contract") with Defendant under which Defendant agreed to provide "fulfillment" services to Plaintiff, such as shipping, receiving, and assembly. The Contract was in the form of a letter agreement with two attachments. One of the attachments contained a list of "Terms and Provisions," one of which read:

> ENFORCEABILITY. In the event any collection effort is initiated or any legal action is brought to interpret or enforce any of the terms or conditions of sale between the Purchaser and Gung-Ho, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable costs and expenses incurred including attorneys' fees whether such action is prosecuted to judgment or not. The parties further agree that the laws of California (irrespective of choice of law principles) shall govern this transaction and that any action arising hereunder shall be brought in the federal or state courts located in Santa Clara County, State of California.

Wade Aff., Ex. A. Defendant argues that dismissal or transfer is appropriate pursuant to 28 U.S.C. §1406(a). Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiff argues that the Enforceability provision should not be enforced because enforcement of the forum selection clause in this case would be unreasonable, and that the factors considered in connection with 28 U.S.C. §1404(a) weigh in favor of keeping the action in Minnesota. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

## II. MOTION TO DISMISS PURSUANT TO RULE 12(b)(3).

### A. Standard of Review

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss all claims in the Complaint for improper venue. For motions to dismiss for improper venue, where no evidentiary hearing is held, "the plaintiff must present only a prima facie showing of venue." Doula v. United Technologies Corp., 759 F. Supp. 1377, 1379-80 (D. Minn. 1991) (quoting Delong Equip. Co. v. Washington Mills Abrasive, 840 F.2d 843, 845 (11th Cir. 1988)). The plaintiff bears the burden of proving that venue is appropriate in a forum after a defendant raises a Fed. R. Civ. P. 12(b)(3) defense. Davis v. Advantage international, Inc., 818 F. Supp. 1285, 1286 (E.D. Mo. 1993) (citing Pfeiffer v. Int'l Academy of Biomagnetic Med., 521 F. Supp. 1331, 1336 (W.D. Mo. 1981)). Additionally, "all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exists, they are resolved in the plaintiff's favor." Doula, 759 F. Supp. at 1380 (quoting Hoffritz For Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)).

In this case, the Court first must determine if the claims in the Complaint were brought in the wrong forum, triggering the provisions of 42 U.S.C. §1406(a). The Court resolves this issue by first determining whether the forum selection clause is enforceable, then determining whether it is applicable to any or all of the claims in the Complaint, and finally deciding whether application of the forum selection clause to those claims would be unjust. If the Court determines that some or all of the claims were brought in the wrong forum, it must decide whether transfer or dismissal of those claims is the appropriate action, as either remedy is permitted under 28 U.S.C. §1406.

**B. Enforceability of the Forum Selection Clause**

Generally, courts will enforce a forum selection clause between parties in a diversity case "unless enforcement is shown to be unjust or the clause was obtained through fraud or overreaching." United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994)(citing Jones v. Weibrecht, 901 F.2d 17 (2d Cir. 1990)). The fraud necessary to render a forum selection clause unenforceable must be specific to the forum selection clause. That is, general allegations of fraud with respect to a contract are not sufficient to prevent enforcement of a forum selection clause contained within that contract. Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997).

Recently, the Eighth Circuit considered a case in which the District Court dismissed the action for improper venue, based on a forum selection clause. In M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750 (8th Cir. 1999), Plaintiffs and Defendants entered a franchise agreement containing a forum selection clause, which provided that any litigation would be conducted in Utah.[1] Plaintiffs alleged causes of action for breach of contract, antitrust violations, breach of the fiduciary duty of good faith and fair dealing, and tortious interference in business relationships. The Eighth Circuit upheld the District Court's dismissal, citing as the key issue whether the forum selection clause was enforceable, reasoning:

> Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. . . . They are enforceable unless they would actually deprive the opposing party of his fair day in court.

Id. at 752 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972); Carnival Cruise

---

1

The court's opinion does not provide any further information on the wording of the forum selection clause. The decision below was not published.

Lines, Inc. v. Shute, 499 U.S. 585 (1991)). The court held that forum selection clauses are presumptively valid, a presumption which cannot be overcome by arguments of inconvenience of the selected forum for a party to the action. Id. at 753. The court further noted that plaintiff had not alleged that the forum selection clause itself was procured by fraud, or that the courts in the designated state would be biased or incompetent to decide the case. Id.

In the case before the Court, the forum selection clause is enforceable. Plaintiff has not shown that enforcement of the forum selection clause would be unjust. Neither has Plaintiff shown that Defendant induced Plaintiff to agree to the forum selection clause through fraud. Plaintiff has not provided the Court with anything to overcome the presumptive validity of the forum selection clause agreed to in the contract between the parties.

**C. Application of the Forum Selection Clause to the Claims in the Complaint.**

By its terms, the forum selection clause applies only to disputes arising under the parties' contract. Claims by one party to a contract that the other party has breached the contract arise out of that contract. See Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688 (8th Cir. 1997). Non-contractual claims pose a more difficult question.

The Court of Appeals for the Eighth Circuit has applied three tests to determine if non-contractual claims are covered by a forum selection clause. Terra, 119 F.3d 688. In Terra, the Eighth Circuit used the tests of the First, Third and Ninth Circuits to aid in its determination of whether a non-contractual claim arose out of a contract and was therefore covered by a forum selection clause. As described by the Eighth Circuit: "The Third Circuit has indicated that where tort claims 'ultimately depend on the existence

of a contractual relationship' between the parties, such claims are covered by a contractually-based forum selection clause. . . . [T]he Ninth Circuit stated that '[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract.' The First Circuit has phrased its test slightly differently, explaining that 'contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties.'" Terra, 119 F.3d at 694 (citations omitted).

1. **Counts I, II, and III of the Complaint are covered by the forum selection clause.**

In Count I, Plaintiff alleges that Defendant made fraudulent misrepresentations in order to induce Plaintiff to use Defendant's services. Count II alleges negligent misrepresentations on the same subject. Count III alleges that Defendant fraudulently induced Plaintiff to enter the Contract.

Under the Ninth Circuit test, we ask whether resolution of these claims relates to interpretation of the contract containing the forum selection clause. Manetti-Farrow, Inc. v. Gucci Amer., Inc., 858 F.2d 509 (9th Cir. 1988). As in Terra, this test is inconclusive when applied to the instant case, because "while these tort claims do not center around a disagreement over the specific terms of the [contract], one could argue that they 'relate' to the agreement's interpretation because the tort claims directly involve the entire subject matter of the agreement". See Terra, 119 F.3d at 694. As this test is inconclusive, the Court should move on to apply the other two tests to the non-contractual claims in the Complaint. Id.

Under the Third Circuit test, we examine whether the tort claims ultimately depend upon the existence of a contractual relationship between the parties. Coastal Steel

Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3d Cir. 1983). In Counts I and II, Plaintiff alleges wrongful behavior on the part of Defendant in convincing Plaintiff to use Defendant's services and reaping the benefits of that arrangement. In Count III, Plaintiff specifically alleges that Defendant used fraudulent means to get Plaintiff to sign the Contract. These claims depend upon the existence of a relationship between Plaintiff and Defendant whereby Plaintiff agreed to use Defendant's services. This relationship is embodied in the contract between the parties. These claims depend upon the existence of the contractual relationship between Plaintiff and Defendant, and therefore under the Third Circuit's test are covered by the forum selection clause.

Under the First Circuit's approach, we ask whether the non-contractual claims involve the same operative facts as would a parallel breach of contract claim. Lambert v. Kysar, 983 F.2d 1110 (1st Cir. 1993). The non-contractual claims alleged by Plaintiff in Counts I, II, and III all involve the facts surrounding the service agreement between Plaintiff and Defendant. In fact, Plaintiff has alleged parallel claims for breach of the parties' contract based upon the same operative facts surrounding that relationship. The First Circuit test also leads to the conclusion that these claims are covered by the forum selection clause.

2. **Count V of the Complaint is covered by the forum selection clause.**

In Count V, Plaintiff alleges breach of the Contract by Defendant. This claim arises directly out of the Contract and is covered by the forum selection clause. Terra Int'l, 119 F.3d 688.

3. **Counts IV and VI of the Complaint are covered by the forum selection clause.**

Counts IV and VI allege violations of Minn. Stat. §325D.44 (Deceptive Trade Practices) and 15 U.S.C. §1125(a) (Lanham Act), respectively. The wrongs alleged in these counts mirror each other; a claim of deceptive trade practices under the Minnesota statute requires the same analysis as a claim under the federal Lanham Act. Group Health Plan, Inc. v. Phillip Morris, Inc., 68 F. Supp.2d 1064 (D. Minn. 1999).

Once again, under the Ninth Circuit test, we ask whether resolution of these claims relates to interpretation of the contract containing the forum selection clause. Manetti-Farrow, Inc. v. Gucci Amer., Inc., 858 F.2d 509 (9th Cir. 1988). As in Terra, this test is inconclusive when applied to the instant case, because the non-contractual claims alleged do not center around specific terms of the Contract, but the claims directly involve the subject matter of the Contract, i.e., the business relationship between Plaintiff and Defendant. As this test is inconclusive, we move on the tests from the First and Fifth Circuits.

Under the Third Circuit test, we examine whether the tort claims ultimately depend upon the existence of a contractual relationship between the parties. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3d Cir. 1983). In Counts IV and VI, Plaintiff alleges that Defendant was not capable of performing the services Defendant represented to Plaintiff it could and would perform. These claims depend on a relationship between the parties which Plaintiff (allegedly) entered on the basis of Defendant's representations. This relationship is embodied in the Contract. These claims depend on the existence of the contractual relationship between the parties, and therefore under the Third Circuit's test are covered by the forum selection clause.

Under the First Circuit's approach, we ask whether the non-contractual claims involve the same operative facts as would a parallel breach of contract claim. Lambert v. Kysar, 983 F.2d 1110 (1st Cir. 1993). The non-contractual claims alleged in Counts IV and VI involve Defendant's alleged failure to perform as promised, which is also the basis for Plaintiff's breach of contract claim. The First Circuit test also leads to the conclusion that these non-contractual claims are covered by the forum selection clause. Accord, Smith v. Professional Claims, Inc., 19 F. Supp.2d 1276, 1282 (M.D. Ala. 1998)(deceptive trade practices allegations were covered by forum selection clause because the crux of plaintiffs' complaint was that the "products and services which they received were not the same ones that had been represented to them before the purchase.")

Having concluded that all of the claims in the Complaint are covered by the forum selection clause, and that 42 U.S.C. §1406(a) applies[2], we must now determine the appropriate remedy.

D. **Decision to Dismiss or Transfer**

Defendant's Motion seeks dismissal or transfer of all claims alleged against it in the Complaint pursuant to Rule 12(b)(3) and 28 U.S.C. §1406(a) for improper venue based upon the existence of the forum selection clause in the Contract. The Court has the power to either dismiss the claims, or to transfer them. 28 U.S.C. §1406(a) provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

---

2

Since Plaintiff's claims were brought in the wrong venue, we need not consider the factors applicable to 42 U.S.C. §1404.

1. **Dismissal of the Complaint would not be appropriate.**

Section 1406 is in accord with the general purpose "of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). Transfer, rather than dismissal, is the preferred consequence of an improper selection of forum. "If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of §1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' [footnote omitted]." Goldlawr, 369 U.S. at 466. See also Cody v. Mello, 59 F.3d 13 (2d Cir. 1995)(expressing the preference that litigation disputes be resolved on their merits); Wilson v. St. Mary's Hospital, 822 F. Supp. 1450, 1451 (D. Minn. 1993)(transfer to remove a procedural obstacle such as improper venue is favored over dismissal because transfer facilitates the adjudication of a dispute on its merits); Smart v. Goord, 21 F. Supp.2d 309, 318 (S.D.N.Y. 1998)(transfer pursuant to Section 1406 is preferable to dismissal). Following this policy serves the interests of justice in this case by allowing Plaintiff its day in court, and therefore we recommend against dismissal of Plaintiff's claims.

2. **The Complaint should be transferred to the Northern District of California.**

Having concluded that the Complaint is improperly venued in this Court, and that the Complaint should not be dismissed, we are left with the option of transferring the case to another United States District Court. We recommend that the Complaint be

transferred to the United States District Court for the Northern District of California, where Defendants have instituted an action against Plaintiff for payment on the same contract that is the subject of this case. With both cases venued in the same court, the parties would be free to move to consolidate them.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss or Transfer [Docket No. 5] be granted, and that the Complaint be transferred to the United States District Court for the Northern District of California.

Dated: August 23, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **September 7, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **September 7, 2000**.