UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1392(DSD/JMM)

KB Gear Interactive, Inc.,

Plaintiff,

v.

**ORDER**

Gung-Ho Company,

Defendant.

Jay M. Quam, Esq., Melissa V. Brettingen, Esq. and Fredrikson & Byron, 1100 International Center, 900 Second Avenue South, Minneapolis, MN 55402, counsel for plaintiff.

John L. Krenn, Esq., Gretchen J. August, Esq. and Gray, Plant, Mooty, Mooty & Bennett, 3400 City Center, 33 South Sixth Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on the objection of plaintiff KB Gear Interactive, Inc. ("KB Gear") to the report and recommendation of Magistrate Judge John M. Mason dated August 23, 2000. In his report, the magistrate judge recommended that: (1) defendant's motion to transfer should be granted, and (2) the complaint should be transferred to the Northern District of California. In its objection papers, KB Gear objects to Magistrate Judge Mason's recommendation that this matter be transferred and specifically argues that transfer is not appropriate under Stewart Organization Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988) and

FILED OCT 06 2000
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

objects to Magistrate Judge Mason's decision that Counts IV and VI of the complaint are covered by the forum selection clause.

Most of plaintiff's objections revive arguments already thoroughly addressed by the magistrate judge. Plaintiff does attempt to present a new argument regarding the issue of whether the court's decision to the transfer this matter to the Northern District of California conforms with Stewart Organization Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988).

Here, the court concludes that the magistrate judge's analysis and subsequent determinations were correct and are in conformance with all applicable law including the Stewart holding. The magistrate judge determined in his report and recommendation that: (1) the forum selection clause was valid and enforceable applying M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750 (8th Cir. 1999) and considering 28 U.S.C. §§ 1406(a) and 1404(a);[1] (2) all claims in the complaint were covered by the forum selection clause under the relatedness doctrine delineated in Manetti-Farrow, Inc. v. Gucci Amer., Inc., 828 F.2d 509 (9th Cir. 1988); and (3) the appropriate remedy here is to transfer this matter to the District of Northern California and not to dismiss these claims.

[1] This court notes that while the magistrate judge did not specifically provide an analysis of §1404 in his report and recommendation, it appears to have been a recognized factor in his consideration of the issue. See Report and Recommendation p. 2.

Regarding the issue of whether this order complies with the decision in Stewart Organization Inc. v. Ricoh Corp. 487 U.S. 22, 28 (1988), the court concludes that the report and recommendation of the magistrate judge here is in conformity with the Supreme Court's holding. In Stewart the Court determined that matters of venue in diversity actions are governed by *federal* law not *state* law and that the parties' forum selection clause was enforceable as a matter of law. As the Stewart Court noted, "[s]ection 1404(a) may not be the only potential source of guidance for the District Court to consult in weighing the parties' private designation of a suitable forum." Stewart, 487 U.S. at 30. The Stewart holding does not preclude or diminish the validity of § 1406 or the holding in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972) (recognizing a strong presumption for the enforceability of choice of forum clauses especially when the parties to the contract are represented by competent counsel and possessed equal bargaining power, as is the case here). Nothing in the magistrate judge's report and recommendation contravenes Stewart. Magistrate Judge Mason applied federal law in making his determination that this matter should be transferred to the Northern District of California and that the forum selection clause was enforceable, namely he relied upon 42 U.S.C. §1406 and the holdings in several authoritative federal cases to reach this conclusion. See Terra Int'l v. Mississippi Chem. Corp., 119 F.3d 688 (8th Cir. 1997);

M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750 (8th Cir. 1999); and Manetti-Farrow, Inc. v. Gucci Amer., Inc., 858 F.2d 509 (9th Cir. 1988).

Moreover, as the Court in Stewart pointed out, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" Stewart, 487 U.S. at 29. There is no indication here that to adopt the magistrate judge's recommendation to enforce the forum selection clause and transfer venue to the Northern District of California contravenes any notions of fairness or convenience. See Riveria Finance v. Trucking Services Inc., 904 F. Supp. 837 (N. D. Ill. 1995) (holding that forum selection clause binds litigants so that something at least in the nature of an exceptional showing is necessary to override the freely negotiated forum selection provision). The court concludes that the report and recommendation here adequately reflects that these notions of fairness and convenience were adequately weighed along with the parties' private designation of selecting a suitable forum. As such, and since there has been no exceptional showing of necessity, the court concludes that the appropriate remedy here is to transfer this matter to the Northern District of California.

Finally, the court concludes that even when applying the § 1404(a) balancing analysis alone - the outcome remains the same and

this matter must be transferred as determined in the magistrate judge's report and recommendation. As the Eighth Circuit has recently pointed out, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M. B. Restaurants, 183 F.3d at 752. Plaintiff's objections here are insufficient to overcome the presumption of validity both when applying a § 1404(a) analysis and in consideration of the Stewart holding.

Based on the report and recommendation of the magistrate judge, and a de novo review of the file and record herein, the court will adopt the magistrate judge's report and recommendation.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to transfer (Doc. No. 5) is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: October 5, 2000

David S. Doty, Judge
United States District Court